UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NADINE DESSAINT,

    Plaintiff,                      Case No.:

v.

LUTHERAN SERVICES FLORIDA, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NADINE DESSAINT (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant LUTHRAN SERVIES FLORIDA, INC. (hereinafter Defendant"), and in support of states as follows:

### NATURE OF CASE

This is an action to remedy discrimination based on disability pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees

and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was hired by Defendant on or about August 2007.

5. Plaintiff was employed with Defendant in West Palm Beach, Palm Beach County, Florida.

6. Defendant is a Florida not for profit corporation providing services, including but not limited to education/Head Start, to low-income families.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

11. Plaintiff was an "employee" as defined by the ADAAA.

12. Defendant is an "employer" as defined by the ADAAA.

## ADAAA STATUTORY PREREQUISITES

13. At all times material, Plaintiff was the caregiver for her minor daughter who suffers from chronic asthma, a disabling condition under the ADAAA.

14. Plaintiff was discriminated against because of her association with a disabled individual, her daughter.

15. As such, Plaintiff is a member of a class of individuals protected by the ADAAA.

16. At all times material to the allegations herein, Plaintiff was qualified for her Data Clerk position with Defendant.

17. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

18. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

19. Plaintiff timely filed his Charge of Discrimination with the EEOC on October 20, 2020.

20. The EEOC issued a Dismissal and Notice of Rights on November 8, 2021.

21. Therefore, the initial Complaint in this action is being filed within

90 days of Plaintiff receiving his right-to-sue letter.

22. Accordingly, Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTS**

23. Plaintiff was employed with Defendant from August 2007 until January 31, 2020.

24. At the time of her unlawful termination, Plaintiff was employed as a Data Clerk for Defendant.

25. Plaintiff was a long-term employee of Defendant.

26. At all times material, Plaintiff performed well while working for the Defendant.

27. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to January 2020.

28. Plaintiff worked at least 1,250 hours for Defendant during the year immediately preceding January 2020.

29. At all times material, Plaintiff was the caregiver for her minor daughter who suffers from chronic asthma, a disabling condition under the ADAAA.

30. On or around January 26, 2020, Plaintiff's minor daughter suddenly fell ill and suffered from a serious health condition.

31. Plaintiff was not scheduled to work on January 26, 2020.

32. Plaintiff was scheduled to work on January 27, 2020.

33. Plaintiff attempted to access the Defendant's electronic portal to enter her time off requests due to her daughter's sudden serious health issue but was unable to do so.

34. Given she was unable to access the Defendant's electronic portal, prior to her scheduled work time on January 27, 2020, Plaintiff informed her supervisor of her daughter's illness and Plaintiff's need to be out of work to care for her daughter.

35. Plaintiff also provided her supervisor with a physician's note regarding her daughter's serious health condition.

36. Given Plaintiff did not hear back from her supervisor, Plaintiff continued to try to reach him via telephone between January 27, 2020, through January 31, 2020.

37. Plaintiff did not receive a response from her supervisor or anyone else within Defendant's management.

38. However, on January 31, 2020, Plaintiff finally received word from Defendant's Human Resources Manager but only to advise her that her employment had been terminated.

39. Plaintiff again provided medical documentation regarding her daughter's illness.

40. Plaintiff was told by Defendant's Human Resources that it was "too late."

41. Plaintiff was terminated for alleged violation of the Defendant's attendance policies.

42. Similarly situated employees not known to have an association or relationship with qualified disabled individual(s) were not subjected to the same adverse action as the Plaintiff.

43. Defendant discriminated against Plaintiff because of the known illness and/or disability of an individual with whom she is known to have a relationship or association, i.e., her daughter.

44. Defendant was aware that Plaintiff had been caring for her minor daughter who had a serious health condition.

45. Plaintiff was eligible for FMLA leave to care for her minor daughter who had a serious health condition.

46. Plaintiff was eligible for intermittent FMLA leave to care for her minor daughter who had a serious health condition.

47. Defendant did not advise Plaintiff of her rights under the FMLA.

48. Defendant interfered with Plaintiff's rights under the FMLA.

49. Prior to needing FMLA leave to care for her seriously ill daughter, Plaintiff had no performance or discipline related issues while working for the Defendant.

50. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for her anticipated use of her FMLA rights.

51. Defendant's actions interfered with Plaintiff's rights under the FMLA.

52. Defendant retaliated against Plaintiff for attempting to engage in his rights under the FMLA.

## COUNT I
## INTERFERENCE UNDER THE FMLA

53. Plaintiff re-alleges and adopts the allegations of paragraphs 1-12, 23-41, and 44-52 above as if fully set forth herein.

54. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

55. Defendant was Plaintiff's employer as defined by the FMLA.

56. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

57. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

58. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59. Defendant's violations of the FMLA were willful.

60. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

61. Plaintiff re-alleges and adopts the allegations of paragraphs 1-12, 23-41, and 44-52 above as if fully set forth herein.

62. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

63. Defendant was Plaintiff's employer as defined by the FMLA.

64. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

65. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

66. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

67. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

68. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

69. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

70. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

71. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

72. Defendant's violations of the FMLA were willful.

73. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

74. Plaintiff re-alleges and adopts the allegations of paragraphs 1-44 above as if fully set forth herein.

75. Plaintiff is associated with an individual with a disabling

condition under the ADAAA, her daughter.

76. Plaintiff was discriminated against by the Defendant due to her daughter's disability in violation of Federal law.

77. Plaintiff is protected by the ADAAA because of her association with her daughter.

78. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

79. Plaintiff's daughter's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

80. Defendant's actions unquestionably constitute associational disability discrimination in violation of the ADAAA, as amended.

81. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

83. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 11th day of January, 2022.

*/s/ Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

*Counsel for Plaintiff*